IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA

PATRICK LANE,

    Plaintiff,

vs.

FRANK MCKEITHEN, in his official
capacity as SHERIFF, BAY COUNTY,
FLORIDA,

    Defendant.
_____/

CASE NO. 09-CA 4C88CA
FLA. BAR NO. 0739685

## COMPLAINT

Plaintiff, PATRICK LANE, hereby sues Defendant, FRANK MCKEITHEN, in his official capacity as SHERIFF, BAY COUNTY, FLORIDA, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, PATRICK LANE, was employed by Defendant. Plaintiff is a member of a protected class because of his race (black).

4. At all times pertinent hereto, Defendant, FRANK MCKEITHEN, MCKEITHEN, in his official capacity as SHERIFF, BAY COUNTY, FLORIDA, has been organized and existing

EXHIBIT A

under the laws of the State of Florida. At all times pertinent to this action, Defendant have been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations. This action is timely brought thereafter. Plaintiff also filed an administrative charge of discrimination with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was originally employed with Corrections Corporation of America in August 2004 as a Corrections Officer. In July 2008 CCA employees were told that Defendant would be taking over operations of the jail and that if they wanted a position they should apply. On approximately July 21, 2008 Plaintiff was contacted by Sabrina Goodwin from the Human Resources Department and was told he was denied a position because of his past criminal record. However, nonblacks with criminal records were given positions. In fact, charges at issue against Plaintiff were dropped or dismissed. Nonblacks with criminal arrests or histories were considered and hired. Defendant gave white applicants latitude regarding their past criminal histories than it did Plaintiff, and therefore enforced its own rules in a racially-discriminatory manner. Plaintiff seeks, without limitation attorneys fees, costs and damages.

7. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq.

## COUNT I

## RACE DISCRIMINATION

8. Paragraphs 1-7 are realleged and incorporated herein by reference.

9. This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

10. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees and/or applicants of Defendant who are not black and has been subject to hostility and poor treatment in the hiring process on the basis, at least in part, of Plaintiff's race.

11. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

12. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

13. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

3

14. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

15. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Placement into the position Plaintiff originally sought or to an equivalent position;

(c) Provision of full fringe benefits and seniority rights, to the extent such were going to be available to Plaintiff;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) Damages as allowed by law;

(f) Attorney's fees, costs and cost of this action, and

(g) Any other relief deemed just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 9th day of September, 2009.

Respectfully submitted,

_____
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF