IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PATRICK LANE,

    Plaintiff,

vs.                                         CASE NO. 5:09cv333/RS-MD

FRANK MCKEITHEN,

    Defendant.
_____/

## ORDER

Before me is Defendant's motion for summary judgment (Doc. 18).

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

1

Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Prior to submitting an application to work for Defendant, Plaintiff Patrick Lane worked as a correctional officer with Corrections Corporation of America ("CCA") at the Bay County Jail from 2004-2008. Plaintiff is a black male. In October of 2008, the Bay County Sherriff's Office, led by Defendant Sheriff Frank McKeithen, assumed the operational functions of the Bay County Jail, relieving

2

CCA of its duties at that facility. A few months before the Sheriff's Office took control of the jail, Sherriff McKeithen distributed applications for employment to the CCA employees working at the jail. The Sheriff informed the employees of the CCA that all individuals who wished to remain employed at the jail after it came under the control of the Sheriff's Office would be required to submit an application for employment.

Approximately 250 to 300 people submitted applications to McKeithen for positions at the Bay County Jail, including Plaintiff, who submitted an application for a correctional officer position. Those applications were dived into two stacks. One stack ("Stack A") was for applications that went directly to a review board for an interview or the applicant was directly hired. Stack A was for applicants without a prior criminal history or criminal activity that occurred long ago or was minor. The other stack ("Stack B") contained applications that were flagged as having problems. Stack B was brought into McKeithen's office for his review. The decision to hire or not hire the applicants in Stack B and other applicants with criminal histories was solely and subjectively made by McKeithen, based on his opinion alone.

Plaintiff was rejected for employment with Defendant on July 30, 2008. In 2001, a non-fatal shooting incident occurred involving two individuals known to Plaintiff. In 2002, Plaintiff was arrested and charged with conspiracy to commit

murder and accessory after the fact related to the shooting incident. Two months later, the State Attorney's Office dropped all charges against Plaintiff based on insufficient evidence to support a conviction.

Defendant was advised that the charges against Plaintiff were dropped for lack of evidence. The Apalachicola Police Chief called Defendant to tell him that "he knew Patrick and his family and they were good people." Defendant also had documents in his possession from the State Attorney's Office in Franklin County showing that the charges against Lane were "Nolle Prosequi." Defendant also knew that an additional charge against Plaintiff in 2004 was dropped.

Plaintiff has produced evidence of white applicants who Defendant hired into the position of correctional counselor.[1] David Jacobs is a white male who was charged with a lewd and lascivious act on a child in December of 1997. This charge was reduced to a battery and after Jacobs accepted a guilty plea, he was sentenced to one year of probation and fined. Defendant knew this information about Jacobs and ultimately hired him as a correctional officer, the same position that Plaintiff applied to receive.

Grant Cox is a white male who was charged with receiving stolen property in April 2006. The charge was dropped. In April of 2005, Cox was arrested and

---

[1] Plaintiff produced evidence of Defendant's hiring of Charles Enfinger, a white male, who was charged with aggravated manslaughter. However, Enfinger was hired into the position of a "detention specialist", not a detention/correctional officer position. Therefore, he is not a proper comparator and will not be considered in this analysis.

4

charged with battery. This charge resulted in a "no information" because Cox paid $500 to the Red Cross as an informal "PTI" agreement. Cox was selected by Defendant as a correctional officer, the same position that Plaintiff applied to receive, but Cox rejected the offer.

Sheila Bristow-Bayley is a white female who was charged in 1991 with passing a forged instrument, grand larceny, and uttering a forged instrument. She was also adjudicated guilty in 1994 for driving while her license was suspended. Adjudication was withheld for a charge of passing worthless checks in 2003, but she paid a fine related to the charge. She was also the subject of several animal complaints in 2003. Defendant hired Bristow-Bayley as a correctional officer, the same position that Plaintiff applied for.

Lorna Flowers, a white female, was charged with aggravated battery with a deadly weapon. The charged was reduced to an improper exhibition of a firearm charge for which she received six months probation and paid a fine. She also had a disorderly conduct charge for which she paid a fine and a DUI charge. She was hired by Defendant in a correctional officer position.

## III. ANALYSIS

To establish a claim for disparate treatment discrimination, a plaintiff can use direct evidence or circumstantial evidence of discrimination. *Burke-Fowler v.*

*Orange County,* 447 F.3d 1319, 1323 (11th Cir. 2006). The framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973), and *Texas Department of Community Affairs v. Burdine,* 460 U.S. 248, 101 S.Ct. 1089 (1981) is used in evaluating disparate treatment claims supported by circumstantial evidence.. *See Wilson v. B/E Aerospace*, 376 F.3d 1079, 1087 (11th Cir. 2004). To establish a prima facie case of discrimination, the Plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. *Burke-Fowler v. Orange County, Fla.* 447 F.3d 1319, 1323 (11th Cir. 2006).

Defendant takes issue only with the third prong. However, Plaintiff has presented evidence of four white applicants with criminal histories who were hired into the position he sought but was not selected for. This creates sufficient evidence to establish a prima facie case that Defendant treated similarly situated employees outside of his protected class more favorably than he treated Plaintiff.

Defendant also argues that Plaintiff has failed to meet his prima facie burden because he cannot prove that the position he sought was filled by someone outside of his protected class under the standard set forth by the Eleventh Circuit in *Underwood v. Perry County Com'n*,431 F.3d 788, 794-95 (11th Cir. 2005). In

*Underwood,* the Plaintiff failed to identify the position for which she applied and the gender of the person who filled that position. *Id.* at 795. In the instant case, Plaintiff has produced evidence of at least four white applicants with criminal histories who were hired into the specific position he sought of a correctional officer. Plaintiff has therefore presented sufficient evidence to establish a prima facie case of discrimination.

<u>*Legitimate Nondiscriminatory Reason and Pretext*</u>

Once a plaintiff has presented evidence of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for the employee's rejection. *Wilson v. B/E Aerospace,* 376 F.3d 1079, 1089-90 (11th Cir. 2004). If the employer meets this burden of production, the plaintiff must then establish that the proffered reason is pretextual. *Id.* at 1090.

Defendant has articulated that his nondiscriminatory reason for rejecting Plaintiff's application was because of the severity of Plaintiff's criminal charges and his association with convicted felons. Thus, the burden shifts back to Plaintiff to produce evidence that Defendant's reasons are pretextual. Plaintiff has produced evidence of four white applicants, who also had criminal histories, some involving actual convictions and more charges, and whom Defendant selected for the same position Plaintiff sought. This evidence could lead a reasonable jury to

conclude that Defendant's stated reason for not hiring Plaintiff is a pretext. Therefore, Plaintiff has satisfied his burden.

## IV. CONCLUSION

Plaintiff's circumstantial evidence of discrimination, combined with his evidence that Defendant's asserted nondiscriminatory reasons are pretextual, are sufficient to permit a reasonable jury to conclude that Defendant unlawfully discriminated against Plaintiff. A genuine issue of material fact exists as to whether Defendant's failure to hire Plaintiff for the correctional officer position at the jail was due to discrimination based on his race. Therefore, summary judgment is not appropriate. Defendant's motion for summary judgment is **denied**.

**ORDERED** on July 6, 2010.

                                      **/s/ Richard Smoak**
                                      **RICHARD SMOAK**
                                         **UNITED STATES DISTRICT JUDGE**